IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHERMAN T. COHEN                                                    PLAINTIFF

v.                              No. 2:10–cv–34–DPM

CITY OF AUGUSTA, ARKANSAS,
a public body corporate and politic;
THE CITY COUNCIL OF THE CITY
OF AUGUSTA, ARKANSAS, a public
body corporate; JIMMY RHODES, Mayor,
City of Augusta, Arkansas, individually
and in his official capacity; and
CHARLES ALLEN, Chief of Police, City
of Augusta Police Department, individually
and in his official capacity                                       DEFENDANTS

## ORDER

This is a case for trial, not summary judgment. Cohen and the Defendants contest who fired him (Chief Allen or the City Council), the date of termination (June 23rd versus July 7th), whether Cohen is entitled to due process (a legal issue for the Court), and, if so, whether he got it. On the record presented, the conflicts create genuine disputes of material fact that preclude summary judgment on Count I, the procedural-due-process claim, and Count III, the pendent Arkansas Civil Rights Act claim about due process. Similarly, the parties' argument over whether Chief Allen's actions were

racially motivated, and Cohen's proffered evidence that they were, create a fact issue for the jury on Count II, the § 1981 claim.  The Court therefore denies the defendants' motion for summary judgment as supplemented, *Document Nos. 27 & 45.*

But the case needs trimming.  To begin with, Cohen alleges violations under the Fifth Amendment's Due Process Clause.  He makes no allegation, however, that any federal actor violated his constitutional rights.  Any claim under the Fifth Amendment therefore fails.  *Warren v. Government National Mortgage Ass'n.*, 611 F.2d 1229, 1232 (8th Cir. 1980).  Cohen may proceed with his due process claims only under the Fourteenth Amendment and the ACRA.

And the Court has questions about whether the case should be tried against some of the parties.

- Is Mayor Rhodes entitled to qualified immunity, considering there appears to be no allegation he either terminated or discriminated against Officer Cohen?

- Should the City of Augusta remain as a party?  The Court would like to hear whether it may be immune from liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–92 (1978),

or if this is a case where an "isolated act[]" of a government official with "final policymaking authority" is enough to infer a policy or custom according to *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

The Court therefore sets a hearing to consider argument from counsel on these questions on 16 December 2011 at 2:00 p.m., in Courtroom B155 in the Richard Sheppard Arnold United States Courthouse.

The Court advises counsel that this case is now first-out for trial on 16 January 2012. The Court notes that it failed to issue an amended final scheduling order with new pretrial deadlines. Apologies. Here are some due dates:

- Pretrial disclosure sheets due 30 December 2011.
- Motions *in limine* due 30 December 2011, with responses due 6 January 2012; no replies.
- Draft jury instructions due 11 January 2012.

The Court also notes that Defendants are amenable to a settlement conference, *Document No. 26*, and Plaintiff seems willing to talk too, *Document No. 25*.

Unless the Court hears differently before 9 December 2011, the Court will therefore refer this matter for that conference.

    So Ordered.

                                    */s/ D.P. Marshall Jr.*
                                    D.P. Marshall Jr.
                                    United States District Judge

                                    <u>6 December 2011</u>